# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 29 2020, 11:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Anthony S. Churchward
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Myriam Serrano
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Alonzo J. Clark, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | July 29, 2020 <br><br> Court of Appeals Case No. 20A-CR-151 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable Frances C. Gull, Judge <br><br> Trial Court Cause Nos. 02D04-1507-F6-680, 02D05-1903-F6-267 |

**Altice, Judge.**

## Case Summary

[1] Alonzo Clark appeals the two-and-one-half-year executed sentence that was imposed following his convictions and probation violation for various drug offenses under two separate cause numbers. Clark contends that the trial court improperly ordered him to serve executed time in the Indiana Department of Correction (DOC), rather than permitting him to participate in work release or in a community corrections program.

[2] We affirm.

## Facts and Procedural History

[3] In January 2016, Clark pled guilty to possession of a controlled substance, a level 6 felony, under Cause F6-680 and was sentenced to one year and 183 days in the DOC. The trial court suspended one year of the sentence and ordered Clark to serve the remaining 183 days on home detention.

[4] On March 21, 2017, the Allen County Probation Department (probation department) filed a notice of probation violation, alleging that Clark had failed to complete court-ordered counseling sessions or pay fines and costs. Thereafter, on April 11, 2017, Clark entered into a modification agreement with the State that resulted in a six-month extension of his probation for violating the conditions of probation.

[5] The probation department filed another petition to revoke Clark's probation on April 18, 2017, alleging that Clark had failed to attend and complete other

counseling sessions. Two days later, the trial court issued a warrant for Clark's arrest.

[6]  On March 3, 2019, while the warrant was still active, Clark was arrested on new charges under Cause F6-267 that included possession of a narcotic drug, possession of a controlled substance, and possession of a synthetic drug or synthetic drug lookalike substance. Thus, the State amended its petition to revoke Clark's probation on March 8, 2019.

[7]  On April 15, 2019, Clark pled guilty to the charges in Cause F6-267 and admitted to the probation violation alleged in Cause F6-680. The trial court took the guilty pleas under advisement, placed Clark in a diversion program, and terminated supervised probation. It was agreed that if Clark successfully completed a program through the drug court, he would be discharged from probation under Cause F6-680 and the charges under Cause F6-267 would be dismissed.

[8]  On June 3, 2019, Clark violated the rules imposed by the drug court and was "sanctioned with jail time." *Appellant's Appendix* at 113. On November 18, 2019, the State filed a petition to terminate Clark's participation in the drug court program, alleging that Clark had committed additional criminal offenses and had failed to attend and complete a counseling program. That same day, Clark appeared in court with counsel and admitted to violating the terms and conditions of the agreement. As a result, the trial court ordered Clark "revoked from drug court." *Drug Court Transcript* at 5.

[9] At a dispositional and sentencing hearing on December 19, 2019, the trial court identified Clark's criminal record that consisted of three prior misdemeanor convictions and one prior felony conviction, and "failed efforts at rehabilitation covering a period of time from 2014 to 2019," as aggravating factors. *Sentencing Transcript* at 8. The trial court pointed out that Clark was "given the benefit of short jail sentences, longer jail sentences, time in the alcohol countermeasures program, active adult probation, home detention, and ultimately the drug court program." *Id.* The court further noted that Clark was on probation when he committed the Cause F6-267 offenses. As a result, Clark was sentenced to a term of one-and-one-half years of incarceration on each offense in Cause F6-267 to run concurrently with each other, but consecutively to the sentence imposed in Cause F6-680. The trial court revoked the previously suspended one-year sentence in Cause F6-680 and ordered Clark to serve that term in the DOC. Thus, Clark was ordered to serve an executed two-and-one-half-year aggregate sentence in the DOC.

[10] Clark now appeals.

## Discussion and Decision

[11] We initially observe that sentencing determinations are generally within the trial court's discretion, and we review a sentencing decision only for an abuse of discretion. *Fleming v. State*, 143 N.E.3d 987, 989 (Ind. Ct. App. 2020). While Clark frames his argument on appeal as an abuse of discretion challenge, he actually argues that it was inappropriate for the trial court to impose a fully

executed sentence following the probation revocation under Cause F6-680 and his convictions in Cause F6-267 "based on the nature of . . . the offenses along with his character." *Appellant's Brief* at 14.

[12] We may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find the sentence inappropriate in light of the nature of the offense and the character of the offender. Indiana Appellate Rule 7(B). Deference to the trial court "prevail[s] unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State,* 29 N.E.3d 111, 122 (Ind. 2015). It is the defendant's burden to persuade us that his sentence is inappropriate. *Childress v. State,* 848 N.E.2d 1073, 1080 (Ind. 2006).

[13] Our Supreme Court has determined that "[t]he place that a sentence is to be served is an appropriate focus for application of our review and revise authority." *Biddinger v. State,* 868 N.E.2d 407, 414 (Ind. 2007). "Nonetheless, . . . it will be quite difficult for a defendant to prevail on a claim that the placement of his or her sentence is inappropriate." *Fonner v. State,* 876 N.E.2d 340, 343 (Ind. Ct. App. 2007). This is because the question under Indiana Appellate Rule 7(B) is not whether another sentence is more appropriate; the question is whether the sentence imposed is inappropriate. *King v. State,* 894 NE.2d 265, 268 (Ind. Ct. App. 2008). "A defendant challenging the placement

of a sentence must convince us that the given placement is itself inappropriate." *Id.*

[14] Probation, work release, and community corrections programs all serve as alternatives to commitment to the DOC and are made at the sole discretion of the trial court. *See* Ind. Code § 35-38-2-6-3(a); *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999). A defendant is not entitled to serve a sentence in any of these alternatives. *Cox,* 706 N.E.2d at 549. Rather, placement in these programs is a "matter of grace" and a "conditional liberty that is a favor, not a right." *Treece v. State,* 10 N.E.3d 52, 56 (Ind. Ct. App. 2014), *trans. denied*.

[15] As to the nature of the offense, Clark's conduct in committing the charged offenses amounted to nothing more than that necessary to establish the statutory elements of those crimes. As for Clark's character, however, the evidence demonstrated that he was given multiple opportunities to complete his sentence for possession of a controlled substance under Cause F6-680 in an alternative program. More specifically, Clark was permitted to serve one year of his sentence on probation. However, Clark failed to follow the terms and conditions of probation, and even after the trial court had extended his probation for six months following an initial violation, an arrest warrant was subsequently issued because of additional violations. And while that warrant was active, Clark was arrested again and charged with the three drug offenses under Cause F6-267.

[16]    As for Cause F6-267, the evidence demonstrated that Clark was afforded the opportunity to participate in drug court and have those charges dismissed upon successful completion of a rehabilitation program.  Clark, however, was terminated from the program because he was unsuccessfully discharged from a counseling center, had missed a scheduled case management appointment, and was subsequently arrested for committing yet another criminal offense.

[17]    In March 2019, the probation department filed a report with the trial court, stating that Clark had "been given many more chances than he should have received to complete the program" and officers "tried and tried to work with Mr. Clark [but,] [i]t [was] evident that he ha[d] no intention of following the Court's order." *Appellant's Appendix* at 39. The report concluded that Clark was "no longer appropriate for probation." *Id.* Clark admitted to violating the terms of his probation and pled guilty to the three drug charges in Cause F6-267.

[18]    In sum, Clark demonstrated on numerous occasions that he is not successful when situated in less restrictive placements.  In fact, the trial court observed that Clark's efforts at rehabilitation failed over a five-year period.  The trial court was not required to give Clark another opportunity to participate in alternative placement, and based on Clark's criminal history, his repeated substance abuse, and the many failed attempts at rehabilitation, we conclude that the trial court's order for Clark to serve his executed sentence in the DOC was not inappropriate.  Thus, we decline to revise Clark's sentence.

Judgment affirmed.

Bailey, J. and Crone, J., concur.